# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PERRYMAN,                                    No. 2:16-cv-0166-KJM-CMK-P

    Plaintiff,

  vs.                                                           ORDER

F. RODRIGUEZ, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for competency hearing (Doc. 8). Plaintiff has also filed a motion for recusal (Doc. 11).

        Plaintiff is requesting a competency determination under Rule 17(c) of the Federal Rules of Civil Procedure, and the appointment of a guardian ad litem. Rule 17(c)(2) provides that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action.

/ / /

1

1  Under California law, "'a party is incompetent if he or she lacks the capacity to
2  understand the nature or consequences of the proceeding, or is unable to assist counsel in the
3  preparation of the case.'" AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042 (E.D. Cal. 2015)
4  (quoting Golden Gate Way, LLC v. Stewart, No. 09-04458, 2012 WL 4482053, at *2 (N.D. Cal.
5  Sept. 28, 2012). "A party proceeding pro se in a civil lawsuit is entitled to a competency
6  determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408
7  F.3d 1150, 1153 (9th Cir. 2005).  A district court will abuse its discretion where it fails to hold a
8  competency hearing or otherwise consider the claim of incompetence prior to dismissing an
9  action where there is sufficient evidence of a party's incompetence. See id. at 1153-54.

Plaintiff's motion, declaration and records support his assertion that he suffers from mental illness for which he is receiving treatment. However, the undersigned does not find the information plaintiff provides to the court to be substantial evidence of his incompetence. A diagnosis of schizoaffective disorder, including his symptoms of paranoia, hyperactivity and visual hallucinations, is not equivalent to a determination that the individual is incompetent. Based on plaintiff's documents filed with the court, as well as the information he provides through his medical records, it does not appear that his mental illness reduces his capacity to understand the nature or consequences of these proceedings. Plaintiff has been an active participant in this litigation, and his pleadings are sufficiently clear to indicate he understands these proceedings and is able to articulate his claims and position. To the extent he claims his symptoms come in waves, and he has a hard time coping when he is in the middle of a wave, the court often makes allowances for additional time to complete tasks upon request.

Plaintiff is also requesting the court issue an order designating him permanent priority library user in order to facilitate his use of the prison law library. The court notes there are no pending deadlines in this case, and plaintiff has not demonstrated any specific need for library access over and above what is allowed by the prison. Again, if plaintiff finds himself in need of additional time to respond to a deadline, the court will entertain a request for additional

2

time.

Finally, plaintiff has filed a request for recusal, requesting this case be assigned to another judge as plaintiff already has a case assigned to the undersigned. A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34.

Plaintiff offers no facts to suggest the undersigned is biased or prejudiced. The only basis for which plaintiff requests recusal is the assignment of another of his cases. The undersigned notes that there are a limited number of judges within the Eastern District of California. Plaintiff has several pending cases in this district. If each case a specific plaintiff filed had to be assigned to a different judge, the court would be unable to function effectively. Simply having several cases assigned to the same judge is not a basis for recusal, as there is no showing of prejudice or bias.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for competency hearing (Doc. 8) is denied;

2. Plaintiff's request for permanent priority library user status is denied; and

///

3.      Plaintiff's request for recusal (Doc. 11) is denied.

DATED: August 30, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4